Miguel Ilaw, *Pro Se*
354 London Street
San Francisco, CA 94112
408.402.2987
miguelilaw@gmail.com



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

MIGUEL ILAW
    *Plaintiff,*
v.

U.S. DEPARTMENT OF EDUCATION
    *Defendant.*

Case No.

**CV 16 3935 LB**

**PETITION AND DEFENSE AGAINST REPAYMENT**
(TITLE IV – HEA)

**RELATED CASE**

Case No.16-3040 – Hon. Hannah L. Blumenstiel
U.S. BANKRUPTCY COURT, SAN FRANCISCO DIVISION

JURISDICTION

i. This Court has jurisdiction pursuant to 20 U.S.C. Section 1082(a) providing that:

> In the performance of, and with respect to, the functions, powers and duties, vested in him [related to the Federal Family Education Loan Program -FFEL] the Secretary [of Education] may – be sue and be sued in any district court of the United States, and such district courts shall have jurisdiction of civil actions arising under this part without regard to the amount in controversy . . .

ii. This petition invokes 26 U.S.C. Section 221 on federal education loans providing the following definitions:

> (d)(1)Qualified Education Loan – any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses.
>
> (d)(2)Qualified Higher Education Expenses – the cost of attendance (as defined in Higher Education Act of 1965 at an eligible educational institution.
>
> (d)(2)(B)Eligible educational institution – includes an institution conducting an internship or residency program leading to a degree or certificate awarded by an institution of higher education, a hospital, or a health care facility which offers postgraduate training.

iii. This petition invokes 20 U.S.C. Section 1071 -1087-2, providing that FFEL program is authorized by <u>Title IV of the Higher Education Act</u> (HEA) of 1965, as amended, as regulated at 34 Code of Federal Regulation (CFR) Part 682.

> §682.101 Participation in the FFEL programs.
>
> The following entities and persons participate in the FFEL programs:
>
> (a) Eligible banks, savings and loan associations, credit unions, pension funds, insurance companies, schools, and State and private nonprofit agencies made loans prior to July 1, 2010.
>
> (b) Institutions of higher education, including most colleges, universities, graduate and professional schools, and many vocational, technical schools participated as schools, enabling an eligible student or his or her parents to obtain a loan to pay for the student's cost of education.
>
> (c) Students who met certain requirements, including enrollment at a participating school, borrowed under the Stafford Loan Program prior to July 1, 2010.

**FACTUAL ALLEGATION**

1. In or about June 2002, unemployed Mr. Ilaw watched a telemarketing from his San Francisco residence about 6-month vocational training in healthcare profession.
2. The advertisement guarantees better career path with training and job placement.
3. The advertisement was sponsored by Bryman College, a Corinthian School.

4. The same month, Mr. Ilaw proceeded to Bryman College, located at 814 Mission Street, San Francisco.

5. Mr. Ilaw enrolled in a vocational course, *medical insurance billing and coding*.

6. The vocational program instructor was Dolores Aslanbaigi.

7. Mr. Ilaw was awarded "perfect attendance" from June-December 2002.

8. The recognition is without signature of school president, education director and education program manager.

9. Mr. Ilaw was not awarded a diploma or certificate for the program.

10. For vocational training, SALLIE MAE disbursed the following Corinthian educational Stafford Loan Programs.

<u>Loan No. 1</u>

$ 1,333.50   - September 03, 2002

$ 1,333.50   - December 02, 2002

<u>Loan No. 2</u>

$ 875.00    - September 02, 2002

$ 875.00    - December 01, 2002

TOTAL    $4,417.00

11. After program completion in December 2002, Corinthian did not provide apprenticeship and job placement as advertised in telemarketing.

12. Between 2003-2005, Mr. Ilaw failed to hold a permanent job as medical coder as lack of degree, certificate and experience according to prospective employers.

13. In late 2005, unemployed Mr. Ilaw was diagnosed by Dr. Edward Brooks with immune deficiency virus at Santa Clara Valley Medical Center in San Jose California.

14. On February 9, 2006, because of disabling medical condition, and unstable employment, Mr. Ilaw filed Chapter 13 Bankruptcy in the United States Bankruptcy Court, Northern District of California, San Francisco Division. Case Number 06-3-0071 SFC13.

15. USBC San Francisco: Lead Case Number SFC13- 06-3-0071:

    i.   The plan was confirmed on April 19, 2006.
    ii.  The total amount of unsecured claims without payment is $ 40,738.00.
    iii. The scheduled creditors included SALLIE MAE INC.
    iv.  The total disbursement paid by Debtor/Mr. Ilaw is $18, 600.00.
    v.   The case was completed on January 28, 2011.
    vi.  The final Chapter 13 order was entered on June 23, 2011.

16. On June 30, 2006, Dr. Brooks authorized a state disability insurance claim because of acquired immune deficiency syndrome.

17. On November 5, 2010, Mr. Ilaw was diagnosed with psychiatric disability by Forensic Psychiatrist Dr. Mohan Nair.

18. Between 2010 and 2014, Mr. Ilaw applied for multiple medical billing and coding positions online.

19. Between 2010 and 2014, Mr. Ilaw has been unable to secure a job with his medical biller and coder vocational training.

20. In November 2012, SALLIE MAE defaulted the loan and transferred to Educational Credit Management Corporation.

21. On November 6, 2013, unemployed Mr. Ilaw was rushed by ambulance for severe chest pain to Kaiser Permanente Hospital. Mr. Ilaw underwent heart surgery on the same day.

22. On August 6, 2014, ECMC directed Premiere Credit of North America (PCNA), an ECMC affiliate, to proceed collection of student loans.

23. In good faith, Mr. Ilaw applied for loan rehabilitation with PREMIERE and paid the following amount in increments: 2014 August, $ 60.00; 2014 September, $ 60.00; 2014 October, $ 50.00; 2014 November, $ 50.00.

24. By December 2014 Mr. Ilaw stopped payment because of financial hardship and chronic disabling medical condition.

25. In March 2015, Mr. Ilaw worked for United States Postal Service as carrier assistant without health benefits.

26. Mr. Ilaw resigned from postal job in June 2015 due to medical and health conditions.

4

27. For the year 2015, Mr. Ilaw reported a gross income of $ 8, 713.00 to Internal Revenue Services as a single person in a household qualifying for 2015 Federal Poverty Level (FPL) $ 11,770.00 threshold.

28. On February 6, 2016, Mr. Ilaw was hospitalized for virus related pneumonia at Santa Clara Valley Medical Center.

29. On March 19, 2016, Mr. Ilaw was employed as retail clerk/cashier as part time cashier earning $ 11.40 per hour, averaging 20 hours per week.

30. After tax deduction, Mr. Ilaw earns an average of $ 324. every two weeks.

31. On March 23, 2016, Mr. Ilaw was diagnosed with cardiac abnormality under nuclear medicine test needing cardiac rehabilitation at Santa Clara Valley Medical Center.

32. On April 1, 2016, indigent Mr. Ilaw was awarded State Medical health benefits.

33. On April 5, 2016, Mr. Ilaw received a 'notice prior to wage withholding' (wage garnishment) from ECMC pursuant to 20 U.S.C. Section 1095a.

34. According to ECMC Notice, Account No. 509690, the total amount owed is $ 18, 251.76.

35. At the time Debtor commenced this case, Mr. Ilaw was unable to maintain a minimal standard of living.

### FIRST CLAIM OF RELIEF
Violation of Business and Professions Code Section 17200 *et seq*
(California Unfair Competition)

36. From all foregoing allegations, the business acts and practices engaged in by Bryman College, a Corinthian School, violate the *Unfair Competition Law* in accordance to <u>The People of State of California v. Corinthian Colleges Inc</u>., Case No. CGC-13-534793, Superior Court of California, County of San Francisco. (a) Providing students with untrue, misleading, unreliable, and/or inaccurate job placement. (b) Running ads for programs, certificates, diplomas, or degrees they do not offer in California. The foregoing business acts and practices are unfair in that Corinthian Schools (a) caused students to pay thousands of dollars, undertake huge credit

obligations, and/or invested time hoping to get a job and believed that they would get a job based on Corinthian's untrue and misleading representations; (b) engaged in conduct that is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers.

## SECOND CLAIM OF RELIEF
### Violation of Business and Professions Code Section 17500 *et seq*
### (California Untrue and Misleading Representation)

37. From all foregoing allegations, Corinthian Colleges Inc. engaged in business acts or practices that constitute violations of Business and Professions Code Section 17500 *et seq.*, by making or causing to be made untrue or misleading statements with the intent to induce members of the public to avail/purchase Corinthian services, including the following: (a) Corinthian's statements regarding job placement; and (b) Corinthian's advertisements for diplomas that they do not offer.

## THIRD CLAIM OF RELIEF
### Federal UDAAPs

38. Collectively, from first and second claims, Mr. Ilaw claims, pursuant to Comsumer Financial Protection Bureau, under the Dodd-Frank Wall Street Reform and Consumer Protection Act (DoddFrank Act), all covered persons or service providers are legally required to refrain from committing unfair, deceptive, or abusive acts or practices (collectively, UDAAPs). Mr. Ilaw claims that Corinthian School to serve its "for-profit" interests at the expense of federal government without rewarding educational benefit as a consumer in resonance with <u>United States Consumer Financial Protection Bureau v. Corinthian Colleges, Inc., et al</u>, Northern District of Illinois, Eastern Division, Case No. 14-7194.

## FOURTH CLAIM OF RELIEF
### Discharge of Educational Loans
### 11 U.S.C. § 523(a)(8)

39. From all foregoing allegations, Mr. Ilaw is respectfully asking the court to discharge "for-profit institution Corinthian" Bryman College educational loans to the extent that the student vocational loans in controversy were not disbursed by an *"eligible education institution"* under 26 U.S.C. Section 221 (d)(1) and (2); as such debts are not *"qualified [higher] education loans"* under 11 U.S.C. Section 523(a)(8)(B), and therefore are dischargeable as to: a) The owner, United States Department of Education; b) the servicer, Sallie Mae Incorporated; c) the guarantor, ECMC; and d) the collector, PCNA.

## FIFTH CLAIM OF RELIEF
### "Defense Against Repayment"

40. Borrowers have the right to claim if they believe that their school's deception violated their state's laws and led them to take out a loan. This is pursuant to 34 CFR Chapter VI (7-7-12 Edition) Section 685.206 (c)Borrowers' Defense

> (1) In any proceeding to collect on a Direct Loan, the borrower may assert as a defense against repayment, any act or omission of the school attended by the student that would give rise to a cause of action against the school under applicable State law.
>
> (2) If the borrower's defense against repayment is successful, the Secretary notifies the borrower that the borrower is relieved of the obligation to repay all or part of the loan and associated costs and fees that the borrower would otherwise be obligated to pay. The Secretary affords the borrower such further relief as the Secretary determines is appropriate under the circumstances. Further relief may include, but is not limited to, the following: (i) Reimbursing the borrower for amounts paid toward the loan voluntarily or through enforced collection. (ii) Determining that the borrower is not in default on the loan and is eligible to receive assistance under title IV of the Act. (iii) Updating reports to credit bureaus to which the Secretary previously made adverse credit reports with regard to the borrower's Direct Loan. (3) The Secretary may initiate an appropriate proceeding to require the school whose act or omission resulted in the borrower's successful defense against repayment of a Direct Loan to pay to the Secretary the amount of the loan to which the defense applies

41.     WHEREFORE, in totality of relevant state class action and federal judicial circumstances, Mr. Ilaw prays:

  1. For 100% forgiveness of the worthless educational loans.

  2. For other and further relief as the Court deems just and proper.

I wrote and verified this petition the best of my knowledge. I declare under penalty of perjury that the foregoing is true and correct. Executed on July 13, 2016, in San Francisco, California.

*/s/ Miguel Ilaw*
Miguel Ilaw

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

MIGUEL ILAW v. DEPARTMENT OF EDUCATION

**JUDICIAL NOTICE**

March 23, 2016

Final default judgment was entered by Honorable Superior Court Judge Curtis E.A. Karnow of the City and County of San Francisco, in Class Action No. CGC-13-534793, The People of the State of California v. Corinthian Colleges, et al. Undisputed and uncontested, Defendant Corinthian Colleges, Incorporated was ordered, adjudged and decreed to have violated the State of California Unfair Competition Law (UCL) and Fair Advertising Law (FAL). Corinthian Colleges advertisement for programs, certificates, diplomas, or degrees was false; and that Defendants' statement of job placement rates were untrue or misleading. See ORDER, Page 10-11.

October 27, 2015

Final default judgment was entered by Honorable United States District Judge Gary Feinerman, Northern District of Illinois, Eastern Division, Case No. 14-7194, United States Consumer Financial Protection Bureau v. Corinthian Colleges, Inc., et al.. Undisputed and uncontested, Defendant Corinthian was ordered, adjudged and decreed for violations of sections 1031(a), 1036(a), 1054, and 1055 of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a), 5536(a), 5564, and 5565, prohibiting unfair, deceptive, and abusive acts and practices.

> Corinthian created and marketed a loan program to students so that Corinthian could charge its students more in tuition than would be covered by Title IV funding from the United States Department of Education ("ED"). Corinthian did this because ED required schools like Corinthian to obtain at least 10% of their revenues from sources other than Title IV funds. Thus in order to continue receiving those funds, which was the main source of Corinthian's revenue, Corinthian burdened its students with this additional cost. See ORDER, Page 5.

Corinthian induced students to take out loans through a series of misrepresentations about the likely employment outcomes for Corinthian students. *See* ORDER, Page 6. Corinthian presented falsified and overstated job placement rates. It did so by, "Fudging the numbers," or simply misreporting the correct numbers. *See* ORDER, Page 6. Corinthian misrepresented the availability and the utility of its career services, which it told prospective and current students would provide career assistance for life, helping them find a job, or improving their resume and interviewing skills. *See* ORDER, Page 6.

### May 4, 2015

Corinthian filed a petition under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, with the United States Bankruptcy Court for the District of Delaware. On August 28, 2015, the bankruptcy court entered an order confirming a liquidation plan for Corinthian, which would result, upon its Effective Date, in Corinthian's dissolution.

Date: July 13, 2016                    Respectfully submitted,

                                       /s/ Miguel Ilaw
                                       Miguel Ilaw
                                       *Pro Se Plaintiff*

# CERTIFICATE OF SERVICE

I hereby state that on this 13th day of July, 2016, I have caused to serve by United States Mail a copy of the summons and complaint to United States Department of Education, with signature confirmation, with proof of service to be filed upon receipt.

<u>United States Attorney General</u>
<u>Department of Justice</u>
<u>Attn: Civil Process Clerk</u>
950 Pennsylvania Avenue, NW
Washington DC  20530-001


<u>United States Attorney,</u>
<u>Northern District of California</u>
<u>Attn: Civil Process Clerk</u>
555 Fourth Street, NW
Washington DC  20530


<u>United States Department of Education</u>
<u>Attn: Civil Process Clerk</u>
400 Maryland Avenue, SW
Washington DC  20202


Date: July 13, 2016                                   *Miguel Ilaw*
                                                      Miguel Ilaw
                                                      *Pro Se Plaintiff*